UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FRANCESCO MANASSE, individually,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,    **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff FRANCESCO MANASSE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff FRANCESCO MANASSE is a natural person and a resident of the State of Florida, residing in St. Lucie County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Portfolio Recovery Associates") is a Delaware limited liability company, a debt buyer, and debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 120 Corporate Boulevard Suite 100, Norfolk, VA 23502-1111. Plaintiff further alleges that Portfolio Recovery Associates is a citizen of both the State of Virginia and the State of Delaware.

7. Defendant Portfolio Recovery Associates regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendant Portfolio Recovery Associates regularly collects or attempt to collect consumer debts for other persons.

9. Defendant Portfolio Recovery Associates is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff previously obtained an auto loan to pay for a vehicle from Auto One Acceptance Corporation. Plaintiff obtained this vehicle and loan for primarily personal, household, or family purposes, as it was Plaintiff's personal vehicle.

11. This vehicle was subsequently repossessed in or around 1999, with a balance still allegedly owed by the Plaintiff.

12. Auto One Acceptance Corporation subsequently sold the alleged consumer debt to Midland Credit Management, Inc.

13. In 2006, Midland Credit Management, Inc. re-sold the alleged debt to Defendant Portfolio Recovery Associates.

14. Shortly thereafter, the Plaintiff began receiving automated telephone calls on his cellular telephone from the Defendant.

15. Upon answering any of these calls, the Plaintiff was greeted by either: (a) a machine-operated voice advising him to "press one if this is Francesco Manasse," or (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator.

16. When the Plaintiff answered any of these calls and was connected to a live operator, the operator advised that he or she was calling on behalf of Portfolio Recovery Associates to collect a balance owing in connection with the Plaintiff's auto loan.

17. Further, upon returning any of the phone calls by calling the toll-free number provided by the machine-operated voice, the Plaintiff was greeted by a recording advising that he had called Portfolio Recovery Associates.

18. Defendants' method of contacting Plaintiff is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R.

3

559, 565-66 (2008), <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C.R. 14014, 14091-92 (2003).

19. Since the most recent assignment of the Plaintiff's alleged consumer debt, Portfolio Recovery Associates has called the Plaintiff's cellular telephone numerous times in its efforts to collect the alleged balance.

20. Plaintiff avers that in spite of numerous requests to stop Defendant's constant barrage of telephone calls, Defendant persists in calling Plaintiff's cellular telephone.

21. In sum, Defendant has made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates paragraphs 1 through 21 herein.

23. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for:

    a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff incorporates paragraphs 1 through 21 herein.

25.    Defendants violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See <u>Clark v. Weltman, Weinberg & Reis, Co., L.P.A.</u>, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.    such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.     Plaintiff incorporates paragraphs 1 through 21 herein.

27.     Pursuant to Florida law, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for:

  a. actual damages;

  b. statutory damages of $1,000.00;

  c. a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

  d. attorney's fees, litigation expenses, and costs of the instant suit, and;

  e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 14th day of February, 2013.

>                             BRET L. LUSSKIN, Esq.
>                             *Attorney for Plaintiff*
>                             1001 N. Federal Hwy., Ste 106
>                             Hallandale Beach, Florida 33009
>                             Telephone: (954) 454-5841
>                             Facsimile: (954) 454-5844

blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069